IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BENJAMIN D. TERRITO,

    Plaintiff,                    No. CIV S-04-1460 MCE PAN P

  vs.

RICHARD W. SANDHAM, M.D., et al.,

    Defendants.                FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Before the court are plaintiff's motions for injunctive relief.

        The legal principles applicable to a request for injunctive relief are well established. To prevail, the moving party must show either a likelihood of success on the merits and the possibility of irreparable injury, or that serious questions are raised and the balance of hardships tips sharply in the movant's favor. See Coalition for Economic Equity v. Wilson, 122 F.3d 692, 700 (9th Cir. 1997); Oakland Tribune, Inc. v. Chronicle Publ'g Co., 762 F.2d 1374, 1376 (9th Cir. 1985). The two formulations represent two points on a sliding scale with the focal point being the degree of irreparable injury shown. See Oakland Tribune, 762 F.2d at 1376. "Under any formulation of the test, plaintiff must demonstrate that there exists a significant threat of irreparable injury." Id. In the absence of a significant showing of possible irreparable harm,

1

the court need not reach the issue of likelihood of success on the merits. See id.

In cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

Plaintiff is currently housed at the California Correctional Institution in Tehachapi, California. The instant action stems from plaintiff's allegations that two doctors at High Desert State Prison were deliberately indifferent to plaintiff's medical needs.

Plaintiff is a brittle type one juvenile diabetic. In plaintiff's January 3, 2006 motion, he seeks a court order concerning inadequate medical care and inadequate exercise primarily due to his housing in administrative segregation. Plaintiff seeks to expedite his transfer to a Substance Abuse Treatment Facility in Corcoran, California. Plaintiff seeks injunctive relief from the State of California and/or the California Correctional Institution at Tehachapi.

Plaintiff seeks injunctive relief against individuals who are not named as defendants in this action. This court is unable to issue an order against individuals who are not parties to a suit pending before it. See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 112 (1969).

In addition, plaintiff is presently housed in an institution that is governed by the Fresno Division of the Eastern District Court of California. Because the court recognizes the seriousness that diabetes presents, plaintiff would be better served by filing a new civil rights complaint in the Fresno Division naming the specific defendants who are presently demonstrating deliberate indifference to plaintiff's serious medical needs. In the instant motion, plaintiff has not carried his burden of demonstrating that particular staff members are being deliberately indifferent to his serious medical needs. While plaintiff claims to have suffered five hypoglycemic seizures between September 28, 2005 and December 28, 2005, he does not specifically identify what actions or omissions took place that demonstrated deliberate

indifference, nor the persons involved therein.  Thus, plaintiff has not carried his burden of demonstrating that he will suffer irreparable harm if this court does not enter an injunction at this time.

Plaintiff also noted he has not been receiving his monthly allotment of indigent envelopes, a concern renewed from his December 8, 2005 request.  In defendants' response, defendants state that the institution has confirmed plaintiff is receiving his twenty envelopes per month.  Defendants' counsel has declared that the litigation coordinator met with plaintiff after receiving counsel's letter concerning plaintiff's request, and the litigation coordinator gave plaintiff several indigent envelopes. (Phillips Decl. at 1.) The litigation coordinator informed counsel that part of the difficulties plaintiff was encountering was his attempt to use indigent envelopes, which are to be used solely for legal mail, to mail to "recipients not recognized as legal mail recipients. (Id. at 2.)  The litigation coordinator confirmed plaintiff would be getting his twenty indigent envelopes on a monthly basis. (Id. at 1-2.)  Plaintiff's request for an injunction concerning indigent envelopes will also be denied.

Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's December 8, 2005 and January 3, 2006 motions for preliminary injunction be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 23, 2006.

UNITED STATES MAGISTRATE JUDGE

001; terr1460.tro