IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BENJAMIN D. TERRITO,

    Plaintiff,

vs.

RICHARD W. SANDHAM, et al.

    Defendants.

                          /

No. CIV S-04-1460 MCE EFB P

<u>ORDER AND FINDINGS AND RECOMMENDATIONS</u>

      Plaintiff is a prisoner, with appointed counsel suing for alleged civil rights violations. *See* 42 U.S.C. § 1983. On January 7, 2008, defendants filed a motion to modify the pretrial scheduling order to allow them time to file a motion for summary judgment. Defendants made this same request in their January 2, 2008, pretrial statement. On January 3, 2008, plaintiff filed an opposition to that request which the court construes as an opposition to this motion as well. Although noticed for hearing on March 7, 2008, the motion was heard on January 9, 2008, contemporaneously with the Final Pretrial Conference. Steven S. Kimball, Esq. appeared on behalf of the plaintiff. John M. Feser, Jr., Deputy Attorney General, appeared on behalf of the defendants. For the reasons stated below, the undersigned recommends that the motion be denied.

////

1

As a threshold matter, the scheduling order does not need to be revised to provide defendants an opportunity to file a motion of summary judgment. Defendants are well aware that they timely sought summary judgment and that, on March 8, 2007, the court denied their motion, finding that there are genuine issues of material fact as to whether defendants were deliberately indifferent to plaintiff's need for adequate treatment for his Type I diabetes. It appears from defendants' arguments on this motion that they do not, in fact, seek an order modifying the schedule, but instead seek a second bite at the summary judgment apple. Thus, the court construes their request as one for reconsideration.

A party seeking reconsideration of an order has the burden of setting forth the material facts and circumstances surrounding each motion for which reconsideration is sought, including "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion," and "why the facts or circumstances were not shown at the time of the prior motion." Local Rule 78-230(k)(3), (4). Defendants assert they did not learn the identity of plaintiff's expert until December 19, 2007, when plaintiff filed his pretrial statement, suggesting that plaintiff was, in essence, sandbagging by not presenting expert testimony in his opposition to their motion for summary judgment. They also complain that plaintiff did not in his pretrial statement demonstrate that the expert's testimony will create a triable issue of material fact.

Defendants' first argument is that "plaintiff disclosed his medical expert in this case <u>for the first time</u> on December 19, 2007." Defs.' Mem. of P. & A. at 4 (emphasis in original). The suggestion is that plaintiff's designation was untimely,[1] and that defendants were prejudiced by the designation in some way that denied defendants a fair opportunity to move for summary judgment. Neither contention has merit.

---

[1] At oral argument, defense counsel conceded that plaintiff's designation of an expert was proper, and simply argued that another summary judgment motion should be permitted. As explained below, good cause has not been shown to modify the pretrial scheduling order to re-open law and motion.

2

There was nothing improper or untimely about the plaintiff's expert designation here. A party is required to disclose the identity of any expert who may be called to give an opinion at trial. Fed. R. Civ. P. 26(a)(2)(A). A party must also provide all other parties with a written report prepared by the expert. Fed. R. Civ. P. 26(a)(2)(B). However, the timing of the disclosure here is governed by Fed. R. Civ. P. 26. Unless the court sets times and sequences (normally in a pretrial scheduling order) for disclosing the identity and reports of experts who will be called to give substantive testimony, the disclosures must be made no later than 90 days before the trial date. Fed. R. Civ. P. 26(a)(2)(C). The purpose of paragraph (2) is to ensure disclosure of

> information regarding expert testimony sufficiently in advance of trial that opposing parties have a reasonable opportunity to prepare for effective cross examination and perhaps arrange for expert testimony from other witnesses.

Advisory Committee Notes to the 1993 Amendments to Rule 26.

In ordinary, non-custodial inmate cases, the schedule ordered pursuant to Rule 16 of the Federal Rules of Civil Procedure requires the parties to identify experts and exchange reports before the close of discovery.[2] *See* Fed. R. Civ. P. 16(b)(4) (permitting courts to modify the times for disclosures under Rule 26(e)(1). *See also*, Advisory Committee Notes to the 1993 Amendments to Rule 26 (Normally the court should provide a time for these disclosures in a scheduling order under rule 16(b)). However, the schedule in this case did not specify when the identity of experts must be disclosed. It only gave a time for general discovery to close. Because the order did not direct that expert disclosures be made at any particular time or in any particular sequence, the portion of subdivision (C) making disclosure due at least 90 days before the trial date controls. At the time plaintiff designated his expert, there was no trial date set.[3] Therefore, the designation was timely. Additionally, defendants themselves included a

---

[2] Use of experts in custodial inmate cases, where most plaintiffs proceed in pro se, is rare.

[3] During the final pretrial conference the trial date was set for April 6, 2009.

1 designation of a medical expert in their recently filed pretrial statement and they are in no way
2 prejudiced by plaintiff's expert designation.

3      Likewise, there is no basis for the suggestion that plaintiff's designation in some way
4 prejudiced the defendants' ability to file a motion for summary judgment. To the contrary, they
5 had every opportunity to litigate such a motion, and in fact, did. Significantly, their motion was
6 supported by several expert declarations from the defendant doctors. Plaintiff had no such
7 expert assistance. In spite of that advantage, as the court previously explained in its analysis
8 recommending denial of that motion for summary judgment, defendants' own declarations and
9 the medical records established triable issues of fact as to whether there was deliberate
10 indifference to plaintiff's need for adequate treatment for his Type I diabetes.

11      Defendants' second argument is difficult to discern. They argue that plaintiff has not
12 "made the requisite showing that a medical expert will provide testimony that creates a triable
13 issue of material fact." Defs.' Mem. of P. & A. at 5. Whatever is meant by that, they are
14 mistaken as to the requirements for use of an expert. They also appear to disregard the point that
15 in denying defendants' summary judgment motion the court found that there were genuine issues
16 of material fact that could not be resolved on summary judgment. Plaintiff has not designated an
17 expert for purposes of opposing or re-arguing a summary motion which has already been denied.
18 The purpose of the designation is to inform the defendants of plaintiff's expert witness who will
19 testify at trial. The use of the expert, like the one defendants designated, is for presenting expert
20 medical testimony at trial to assist the jury in understanding the internal medicine and
21 endocrinology issues as well as the medical records as the jury performs its function of resolving
22 the disputed factual issues. That is precisely the grounds upon which an expert may be used.
23 Fed. R. Evid. 702.

24      In short, the instant motion seeks a second attempt at arguing a summary judgment
25 motion, but neither argument presented in the motion establishes "new or different facts or
26 circumstances . . . which did not exist or were not shown upon such prior motion. . ." and "why

the facts or circumstances were not shown at the time of the prior motion." Local Rule 78-230(k)(3), (4).  More to the point, defendants have not shown that the earlier ruling finding genuine disputes over material issues of fact was erroneous.  For these reasons, the undersigned recommends that the motion to modify, construed as a motion for reconsideration, be denied.

Finally, the parties have agreed to produce their respective experts for deposition.  The parties shall produce expert reports no later than 30 days after the pretrial order is signed and complete the depositions no later than 90 days after the pretrial order is signed.

Accordingly, it hereby ORDERED that expert reports shall be produced no later than 30 days after the pretrial order is signed and complete the depositions no later than 90 days after the pretrial order is signed.

Further, it is RECOMMENDED that defendants' January 7, 2008, motion to modify the schedule, construed as a motion for reconsideration, be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: January 31, 2008.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE