IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BENJAMIN D. TERRITO,

      Plaintiff,                         No. Civ. S-04-1460 MCE EFB P

    vs.

RICHARD W. SANDHAM, et al.,

      Defendants.                  FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. On January 20, 2009, defendants filed a notice of suggestion of death pursuant to Federal Rule of Civil Procedure 25. The court finds that, in light of plaintiff's death and for the reasons explained below, the action must be dismissed.

**I.    Procedural History**

        On July 26, 2004, plaintiff filed a complaint alleging that defendants were deliberately indifferent to his serious medical needs, i.e., Type I diabetes. *See* 42 U.S.C. § 1983. The matter progressed through summary judgment, and on March 8, 2007, the court determined that trial must be had on the question of whether defendants Sandham and Roche violated plaintiff's rights by repeatedly denying proper medication and diabetic snacks for plaintiff, resulting in plaintiff suffering hypoglycemic reactions, seizures and brain damage. Thereafter, the court

1

appointed counsel to represent plaintiff. The parties submitted pretrial statements, appeared through counsel for a pretrial conference, and on January 16, 2008, submitted a joint statement of disputed and undisputed facts. On February 14, 2008, the court issued a tentative pretrial order setting trial for July 6, 2009. With slight modification of matters related to defendants' expert witnesses, that order became final.

However, on January 20, 2009, defendants filed a notice of suggestion of death pursuant to Rule 25 of the Federal Rules of Civil Procedure. Similarly, plaintiff's counsel filed a statement of fact of death on January 29, 2009. According to the death certificate attached to the defendants' notice, the identity and whereabouts of plaintiff's family are unknown. No motion to substitute parties has been filed.

**II.     Notice of Death and Dismissal of Action**

Rule 25(a)(1) establishes the procedure to be followed if a party dies during the pendency of an action. A party must file a statement notifying the court that a party has died. Fed. R. Civ. P. 25(a)(1). Within 90 days after service of the statement, the decedent's successor or representative may file a motion to substitute as a party for the deceased plaintiff. *Id.* If such a motion properly is made and the claim is one which survives the plaintiff's death, then the court must grant the motion and the action will proceed. *Id.* Dismissal is mandatory if no such motion is filed within the 90-day period. *Id.*

In light of the plaintiff's death it appears that this action must be dismissed. The 90 days have passed since defendants filed the statement of death, and no motion for substitution has been filed. Thus, under Rule 25(a)(1), the court must dismiss this action.

**III.    Conclusion**

Accordingly, it hereby is RECOMMENDED that this action be dismissed. *See* Fed. R. Civ. P. 25(a)(1).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days

1  after being served with these findings and recommendations, any party may file written
2  objections with the court and serve a copy on all parties.  Such a document should be captioned
3  "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections
4  within the specified time may waive the right to appeal the District Court's order. *Turner v.*
5  *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).
6  Dated:  June 4, 2009.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

3